DECISION
Plaintiffs appeal Defendant's clerical error corrections which added value and taxes for the 2006-07 and 2007-08 tax years for a portion of a building owned by Lane County Law and Advocacy Center, Inc. (LCLAC) and leased to Legal Aid Services of Oregon, Inc. (LASO).
Plaintiffs were represented by Frank C. Gibson, attorney at law. Defendant was represented by Joyce Kehoe and Lori Halladey, exemption specialists for Lane County Assessor. The parties made written submissions to the court, and the case was decided without a trial in the matter.
 I. STATEMENT OF FACTS
The parties stipulated to the following facts. Lane County Legal Aid Service, Inc. (Legal Aid), an Oregon nonprofit corporation, owned a building in Lane County from 1984 to 1995. Legal Aid applied for and received a 100 percent property tax exemption from Defendant for the tax years during that period, and, as such, paid no property taxes on the building. In 1995, Legal Aid transferred ownership of the building to a new entity, LCLAC, an Oregon nonprofit corporation. LCLAC leased a portion of the building back to Legal Aid. Both LCLAC and *Page 2 
Legal Aid applied for and received exemptions from Defendant for the duration of the lease, from tax year 1995-96 to tax year 2007-08.
In 2006, Legal Aid dissolved pursuant to its merger with LASO, an Oregon nonprofit corporation. After the merger and dissolution, LASO rented four offices and some storage space from LCLAC and continued the work theretofore done by Legal Aid. The effective date of the lease between LCLAC and LASO was July 1, 2006 through June 30, 2007. When Legal Aid dissolved and was merged with LASO in 2006, all but four Legal Aid employees became employed by LCLAC. The remaining four employees were hired by LASO.
On December 23, 2008, LASO applied to Defendant for a property tax exemption for the 2008-09 tax year. (Def s Ex B.) Several months later, Defendant responded to LASO's exemption application by sending a letter to LCLAC on April 24, 2009, stating that LCLAC had two accounts, and that, during tax year 2008-09, the first account had a 100 percent exemption, while the second account had a 77.4438 percent exemption. Defendant merged the two accounts for the 2009-10 tax year and gave the new account an 85.1828 percent exemption that year. The percentage of the exemption that Defendant denied to LCLAC equaled the percentage of the building that LCLAC leased to LASO. The effect was a denial of LASO's exemption application for the 2008-09 tax year.
On March 19, 2010, Defendant sent LCLAC a Notice of Intent to Add Value Due to a Clerical Error (Notice) for tax years 2006-07 and 2007-08 regarding the portion of the building that LCLAC leased to LASO. On April 9, 2010, Defendant acted upon the Notice by sending LCLAC a certified letter stating that LCLAC owed Defendant $4,266.22 in back taxes for tax years 2006-07 and 2007-08 following the merger of LCLAC s accounts in tax year 2009-10. *Page 3 
On August 5, 2010, Defendant granted LASO a property tax exemption for the 2010-11 tax year in the amount of 14.8172 percent, which is equal to the percentage of space that LASO occupied in the building. LASO did not apply to Defendant for an exemption during the tax years at issue, when LCLAC initially leased a portion of the building to LASO, namely tax years 2006-07 and 2007-08.
LCLAC and LASO (hereinafter Plaintiffs) appeal from Defendant's Notice and request a 100 percent property tax exemption for tax years 2006-07 and 2007-08, thereby eliminating Plaintiffs' property tax liability for those years. Defendant requests that the Notice be upheld.
 II. ANALYSIS
The issue before the court is whether Plaintiffs, upon entering into a new lease, qualify for the 100 percent property tax exemption that LCLAC and Legal Aid, a nearly identical pair of charitable organizations, both shared in prior tax years, without LASO having first made an application to Defendant to receive that exemption after LASO entered into its lease with LCLAC in 2006.
ORS 307.166(1) allows a property tax exemption for lessees when both the lessee and lessor are qualifying nonprofit tax-exempt organizations.[1] In order to receive the exemption, the lessee must meet the requirements of subsection (2), which provides that
 "[t]he lessee * * * shall file a claim for exemption with the county assessor, verified by the oath or affirmation of the president or other proper officer of the institution or organization, * * * showing:
 "(a) A complete description of the property for which exemption is claimed.
 "(b) All facts relating to the ownership or purchase of the property.
 "(c) All facts relating to the use of the property by the lessee or entity in possession. *Page 4 
 "(d) A true copy of the lease or other agreement covering the property for which exemption is claimed.
 "(e) Any other information required by the claim form."
ORS 307.166(2) (emphasis added).
Generally, the lessee must file the claim "on or before April 1" proceeding the tax year for which the exemption is claimed. ORS 307.166(3)(a). There is also a provision for late filing in certain circumstances. Id. In this case, the exemption claim was due in 2006 or 2007.
After the lessee has filed an exemption claim with the county assessor, the lessee need not reapply for exemption "so long as the ownership and use of the property remain unchanged and during the period of the lease or agreement." ORS 307.166(3)(b). However, "[i]f either the ownership or use [of the property] changes, a new claim shall be filed as provided in [ORS 307.166(2)]." Id.
Furthermore, "[i]f the lease or agreement expires before July 1 of any year, the exemption shall terminate as of January 1 of the same year." Id.
Plaintiffs admit that they did not file an exemption claim with Defendant for tax years 2006-07 or 2007-08 following LCLAC's new lease with LASO. (Ptfs' Br at 2.) Despite Plaintiffs' failure to file as prescribed by statute, Plaintiffs argue that they are entitled to an exemption on three grounds. First, Plaintiffs argue that they should be exempt because their use of the property during the tax years at issue did not differ significantly from LCLAC and Legal Aid's use of the property during the tax years when those organizations received exemptions. (Ptfs' Br at 2-3.) Second, Plaintiffs argue that public policy "cannot favor" Defendant's practice of "assessing back taxes to charitable organizations, because of purely clerical errors, when timely affirmative action by [Defendant] could have rectified the situation." (Ptfs' Br at 3.) Third, Plaintiffs argue that their case is "functionally similar to the situation addressed by *Page 5 
[ORS 307.162(3)]," a statute that permits retroactive application of the exemption to additions or improvements to exempt property when the exemption holder fails to make an exemption claim for those additions or improvements.[2] (Ptfs' Br at 3-4.)
Defendant responds that Plaintiffs' arguments are foreclosed by this court's precedents in Living Enrichment Center Properties,LLC v. Department of Revenue (Living Enrichment),19 OTR 324 (2007) and Erickson v. Department of Revenue,17 OTR 324 (2004). (Def s Br at 1-2.) Those cases are not directly on-point because they concern property tax exemptions under ORS 307.112, a statute that governs exemptions for tax-exempt lessees who lease property from taxable lessors. LivingEnrichment, 19 OTR at 326-27; Erickson, 19 OTR at 327. ORS 307.166 specifically governs leases between tax-exempt organizations (i.e., where one tax-exempt organization leases property to another tax-exempt organization). ORS 307.166(1). The Oregon Supreme Court has held that when a tax-exempt organization leases property to another tax-exempt organization, such as in the case here, the relevant statute is ORS 307.166, not ORS 307.112.Mercy Health Promotion, Inc. v. Dept. of Rev.,310 Or 123, 130 795 P2d 1082, 1085 (1990). However, exemptions under both ORS 307.112 and ORS 307.166 require an application and, inLiving Enrichment, the court stated:
 "[i]t is important to first note that `property tax exemption statutes require both proper use and pre-exemption application.' Erickson v. Dept. of Rev., 17 OTR at 331. To put it another way, `the claimant of an exemption is required to bring itself within the terms of the statute.' North Harbour [Corp. v. Dept. of Rev.], 16 OTR at 95 (2002)[.]"
19 OTR at 330. *Page 6 
The third case that Defendant cites, Oregon State UniversityFoundation, Olympic, II v. Lincoln CountyAssessor (Oregon State), TC-MD No 080029C, WL 1787119 (Apr 16, 2008), is more directly on point. In OregonState, the Oregon State University Foundation (OSUF) leased property to Oregon State University. Oregon State, TC-MD No 080029C, WL 1787119 at *1. Both organizations had tax-exempt status, and OSUF successfully claimed an exemption under ORS 307.166 for the duration of the lease. Id. When the lease ended, the same tax-exempt organizations entered into a new lease (on nearly identical terms) of the same property, but OSUF failed to file an exemption claim with the county assessor. Id. The county assessor denied an exemption to OSUF for the tax years of the new lease, and this court affirmed that decision. Id. at *2. This court upheld the county assessor's decision because ORS 307.166(3) made OSUF's claim with the county assessor a prerequisite to obtaining an exemption following the new lease.Id.
Returning to Plaintiffs' first argument, that Plaintiffs are entitled to an exemption because of their unchanged use of the building following Legal Aid's merger with LASO and the resulting new lease agreement between Plaintiffs, this court finds that Plaintiffs' position is similar to, if not worse than, OSUF's position in Oregon State. To summarize, this court inOregon State disallowed an ORS 307.166 exemption that a county assessor had previously granted to a lessor when that same lessor entered into a new lease of the same property with the same lessee, for the same use, and the lessor failed to claim the exemption.Id. at *1-2. Oregon State therefore takes the force out of Plaintiffs' argument that they should continue to receive an exemption despite a formal change of the parties to the lease, because exemption is not guaranteed even if the parties remain exactly the same. What matters under ORS 307.166(3) is that the lessee file a claim with the county assessor following a new lease. *Page 7 
Plaintiffs' second argument, stated in general terms, is that any taxation of charitable organizations above the bare minimum is contrary to public policy.[3] This court recognizes the benefits that charitable organizations provide to society and has expressed a reluctance to adversely affect their mission for the sake of property taxes:
 "No one wishes to weaken a charitable corporation, led by conscientious and generous citizens, by diverting its limited income to mundane property taxes. * * * It is tempting for the judge, recognizing that organized charitable work is one sign of humanity's progress from barbarism, [to grant a property tax exemption outside of the statute]."
Woman's Convalescent Home v. Dept. of Rev.,9 OTR 190, 195 (1982).
However, this court has frequently stated that "[t]axation is the rule and exemption from taxation is the exception." Dove LewisMem. Emer. Vet. Clinic v. Dept. of Rev.,301 Or 423, 426-27, 723 P2d 320 (1986) (citation omitted). Exemption statutes are strictly construed. Mult. School ofBible v. Mult. Co., 218 Or 19, 27 (1959). It follows that if a charitable organization does not strictly comply with the exemption statute, this court cannot grant an exemption to that organization, regardless of the worthiness of that organization's cause, because "it is for the legislature, not the courts, to enlarge property tax exemptions (when the statute is clear within the context of the specific facts.* * *)." Woman's Convalescent Home,9 OTR at 195.
The situation in this case, where a tax-exempt organization was denied an exemption after having failed to properly apply to the county assessor under ORS 307.166(3), has been addressed by this court in Springwater Environmental Sciences School v. ClackamasCounty Assessor (Springwater), TC-MD No 100196D, WL 579083 (Feb 17, 2011). This court in Springwater disallowed the organization's exemption under *Page 8 
the most lenient standard available, where "exemption is the rule and taxation the exception." Id. at *2 (citing City of Eugene v.Keeney, 134 Or 393, 397, 293 P 294 (1930)). That standard, which applies to public bodies, does not apply in this case; the converse, tougher formulation applies. Under that tougher standard, Plaintiffs' second argument certainly fails, and as such Defendant's actions do not offend public policy.
Third, Plaintiffs argue that they should receive an exemption because of a "functional" similarity between their factual situation and the situation covered by ORS 307.162(3). ORS 307.162(3)(a) allows retroactive exemptions where an "institution or organization owns property that is exempt from taxation * * * fails to file a timely claim for exemption * * * for additions or improvements to the exempt property[.]" Plaintiffs specifically argue that a new lease between parties that had previously received an exemption is a situation analogous to additions or improvements to exempt property because "[i]n both instances, an organization makes non-substantive changes with respect to exempt property that are of a type that an assessor may not be able * * * to perceive." (Ptfs' Br at 3.) This court interprets statutes with the goal of ascertaining the legislature's intent. State v. Gaines,346 Or 160, 171-72, 206 P3d 1042 (2009). Besides their analogy, Plaintiffs offer no statutory text, context, or legislative history to show that the intent of ORS 307.162(3) is to allow retroactive exemption in all cases of "nonsubstantive" changes to exempt property where the assessor's perceptions are less than perfect. Even if this court accepted that proposition, Plaintiffs have not presented any reason why ORS 307.162(3), which applies to statutes enumerated as ORS 307.115, and others, should be interpreted to apply to ORS 307.166, a statute not enumerated. For those reasons, Plaintiffs' argument is not compelling. *Page 9 
 III. CONCLUSION
The court concludes that Plaintiff LCLAC was not entitled to property tax exemption under ORS 307.166 on the portion of its property used and occupied by LASO in 2006 and 2007 (tax years 2006-07 and 2007-08) because the statutorily required exemption claim was not filed as required by ORS 307.166(3). Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Notice adding the disputed portion of the subject property to the assessment and tax rolls as taxable for the 2006-07 and 2007-08 tax years, and imposing property taxes thereon, is upheld because the statutorily required claim for exemption was not filed.
Dated this _____ day of July 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon July 18, 2011. The Court filed and entered this documenton July 18, 2011.
[1] All citations to the Oregon Revised Statutes (ORS) are to the 2005 edition.
[2] Plaintiffs in their brief cite ORS 307.162(4), which is the relevant subsection of the ORS as amended by Oregon Laws 2009, chapter 626, section 2a. However, the relevant subsection of the 2005 ORS, which is the law used to decide this case, is ORS 307.162(3). In order to maintain consistency among citations to the ORS, the court will refer to the 2005 citation, ORS 307.162(3). The 2009 statute that Plaintiffs cite is not materially different from the 2005 statute for purposes of deciding this case.
[3] This court will not address Plaintiffs' specific argument that "[assessment] of back taxes to charitable organizations, because of purely clerical errors" is against public policy. This is because Defendant's reassessment of Plaintiffs' property was not the result of a "purely clerical" error. The reassessment resulted in part from Plaintiffs' procedural error in failing to apply for exemption as required by ORS 307.166(3).
 *Page 1