IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

CARVER SCHOOL,                          )
                                        )
            Plaintiff,                  )   TC-MD 130522N
                                        )
      v.                                )
                                        )
CLACKAMAS COUNTY ASSESSOR,              )
                                        )
            Defendant.                  )   **FINAL DECISION**

The court entered its Decision in the above-entitled matter on May 15, 2014. The court

did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days

after its Decision was entered. The court's Final Decision incorporates its Decision without

change.

Plaintiff appeals Defendant's denial of a property tax exemption for the 2011-12 tax year

for property identified as Accounts 00483097 and 00483104 (subject property). A trial was held

in the Oregon Tax Courtroom in Salem, Oregon, on April 7, 2014. George Hoselton (Hoselton),

Attorney at Law, appeared on Plaintiff's behalf. Cheryl Hangland (Hangland), President, Carver

School Board, testified on behalf of Plaintiff. Amanda Olsen and Linda Dunn (Dunn),

Assessment & Taxation Specialists, Clackamas County Assessor, appeared on behalf of

Defendant. Plaintiff did not submit exhibits; Defendant's Exhibits A-F were received without

objection.

## I. STATEMENT OF FACTS

Plaintiff is a 501(c)(3) tax exempt non-profit organization offering elementary education

on the subject property. (Def's Ex B at 1, 3.) Plaintiff entered into a lease agreement with

Carver School Community Center (CSCC), a non-profit organization, on March 31, 2009. (*Id*. at

3-4.) Pursuant to terms of the lease, Plaintiff occupied the subject property and operated the school known as "Carver School," for a term of eight months, after which the lease expired. (*Id.* at 3.)

On April 1, 2009, Plaintiff filed an application for property tax exemption for the subject property under ORS 307.145. (Def's Ex A at 1; *see* Def's Ex B at 1.) Defendant granted Plaintiff's application on April 21, 2009. (Def's Ex B at 2.) In its letter to Plaintiff, Defendant stated "[t]he exemption will begin with the 2009-10 tax year and continue for the term of the lease, ending June 30, 2011." (*Id.*) At trial, Hangland testified that Plaintiff's office did not receive the letter from Defendant indicating the sunset date of the exemption, although she admitted it is possible that one of Plaintiff's volunteers may have retrieved the mail and failed to deposit it with the office.

Plaintiff did not file an exemption application for the subject property for tax year 2011-12 by October 2011. As a result, Defendant returned the subject property to the tax rolls and issued "tax statement[s] * * * on October 24, 2011 to the property owner, [CSCC], in care of Fred Anderegg [(Anderegg)] * * *." (Def's Ex A at 1; *see* Def's Ex at C at 1, 5.) Hangland testified that she contacted Anderegg following receipt of the 2011-12 tax statement in November or December of 2011. Hangland testified that, during that conversation, Anderegg assured her the exemption application would be filed. The parties agreed at trial that some form of a trimester reminder or late payment notice was mailed to the taxpayer in early 2012, although neither party submitted a copy of that notice as an exhibit. Hangland testified that it was following receipt of the reminder notice that Plaintiff realized the exemption application had not been filed.

Hangland filed Plaintiff's application for property tax exemption for the subject property

for tax year 2011-12 along with a late filing fee, both of which Defendant received on May 24, 2012.[1] (Def's Ex E at 1-2.) Defendant denied Plaintiff's application on May 29, 2012, for failure to timely file by December 31, 2011. (*Id*. at 2.) According to Defendant, "[p]er ORS 307.162, the deadline for the County Assessor to approve a late filing for [the subject tax year] was January 3, 2012." (Def's Ex A at 1.) Plaintiff filed an appeal of Defendant's denial with this court on November 12, 2013. (Ptf's Compl at 1.)

Dunn stated at trial that "if it had been timely filed, there's no question that we would have approved [Plaintiff's] application for exemption." Hoselton responded, stating that this was not Plaintiff's mistake as it had been "told that [the application] had been [filed] by the property owner * * *."

## II. ANALYSIS

The issue in this appeal is whether Plaintiff is entitled to claim a property tax exemption for the subject property for tax year 2011-12. Property located in Oregon is taxable unless a statute specifically provides for an exemption. *Christian Life Fellowship, Inc. v. Dept. of Rev.*, 12 OTR 94, 96 (1991) (citations omitted); *see* ORS 307.030.[2] Where an exemption statute exists, the court should "strictly construe[] [it] in favor of the state and against the taxpayer[,]" which means that it should be viewed "reasonably, giving due consideration to the ordinary meaning of the words of the statute and the legislative intent." *North Harbour Corp. v. Dept. of Rev.*, 16 OTR 91, 94-95 (2002) (citations omitted).

Because "taxation is the rule and exemption the exception[]" under Oregon law, even when exemption is permitted, it is available "only in accordance with specified conditions."

_____

[1] The application was signed and dated on March 28, 2012. (Def's Ex E at 1.)

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2009 unless noted otherwise.

*Erickson v. Dept. of Rev.*, 17 OTR 324, 328 (2004).  Therefore, the question here is, "whether taxpayer has complied with all statutorily specified conditions that allow an exemption from the general rule of taxation." *Living Enrichment Center v. Dept. of Rev.*, 19 OTR 324, 328 (2007). Even if Plaintiff is eligible for an exemption, if it failed to properly comply with the conditions required by the statute, it cannot claim the exemption.

The statute under which Plaintiff claims an exemption is ORS 307.145, which states, in part,

> "(1) * * * upon compliance with ORS 307.162, the child care facilities, schools, [and] academies * * * owned or being purchased by incorporated eleemosynary institutions[,] * * * used exclusively by such institutions or organizations for or in immediate connection with educational purposes, are exempt from taxation.

> "(2) Property described in subsection (1) of this section which is exclusively for or in the immediate connection with educational purposes shall continue to be exempt when leased * * * to another incorporated eleemosynary institution * * * for an amount not to exceed the cost of repairs, maintenance and upkeep."

That statute permits exemption only when the applicant has first complied with the steps outlined in ORS 307.162.

> "(1)(a) Before any real or personal property may be exempted from taxation under  * * * [ORS] 307.145 * * * the institution or organization entitled to claim the exemption must file a claim with the county assessor, on or before April 1 preceding the tax year for which the exemption is claimed. * * *

> "* * * * *

> "(2)(a) Notwithstanding subsection (1) of this section, a claim may be filed under this section:

> "(A) On or before December 31 of the tax year for which the exemption is claimed, if the claim is accompanied by a late filing fee * * *.

> "(B) On or before April 1 of the tax year for which the exemption is claimed, if the claim is accompanied by a late filing fee of $200 and the claimant demonstrates good and sufficient cause for failing to file a timely claim * * *."

ORS 307.162(1)(a), (2)(a). The legislature amended ORS 307.162 in 2011 to introduce a new section allowing an applicant to file an exemption for a prior year if specific criteria are met:

> "(b)(A)Notwithstanding subsection (1) of this section, a claimant that demonstrates good and sufficient cause for failing to file a timely claim, * * * may file a claim under this section for the five tax years prior to the current tax year:
>
> "(i) Within 60 days after the date on which the county assessor mails notice of additional taxes owing under ORS 311.206 for the property to which the claim filed under this subparagraph pertains; or
>
> "(ii) At any time if no notice is mailed."

ORS 307.162(2)(b)(A) (2011).

The legislature created the 2011 amendments to ORS 307.162 to apply to "property tax years beginning on or after July 1, 2011." Or Laws 2011, ch 655, § 4. The "tax year" referenced in each of the cited statutes began on July 1, 2011, and ended on June 30, 2012. *See* ORS 308.007(1)-(2). Therefore, the 2011 amendments were effective on Plaintiff's application for property tax exemption for the 2011-12 tax year.

This court has previously determined that, in the context of ORS 307.162(2)(b)(A) (2011), "the legislature intended 'notice' * * * to refer to actual knowledge possessed by the claimant of the potential property tax liability of the property. The claimant may receive 'notice' through a phone call or letter from the county assessor or through receipt of a property tax statement." *Eighth Church of Christ Scientist v. Multnomah County Assessor*, TC-MD 120116N, 2012 WL 5868317 at *5 (Nov 20, 2012). Here, Defendant mailed a tax statement for the subject property on October 24, 2011; pursuant to ORS 307.162(2)(b)(A)(i) (2011), Plaintiff must have filed the exemption application no later than 60 days after October 24, 2011, which was December 23, 2011.

In reviewing the statutes presented above, it is clear that April 1, 2012, was the last day Plaintiff could file for exemption under ORS 307.162, and only if Plaintiff paid the late filing fee and "demonstrate[d] good and sufficient cause for failing to file a timely claim * * *." *See* ORS 307.162(2)(a)(B).

Plaintiff claims it has demonstrated good and sufficient cause for its failure to timely file because it was "told that [the application] had been [filed] by the property owner * * *[,]" and it relied on that statement. However, ORS 307.162(3)(b) cautions that good and sufficient cause means "an extraordinary circumstance beyond the control of the taxpayer[,]" and that circumstance cannot be "reliance on misleading information unless the information is provided by an authorized tax official in the course of the official's duties, lack of knowledge, oversight or inadvertence." Because the misleading information Plaintiff received – that the property owner would timely file the exemption claim for the subject property – was not "provided by an authorized tax official," Plaintiff is not entitled to rely on it as a basis for its failure to timely file the application. Similarly, Plaintiff's general claim that it lacked the necessary knowledge to have filed the application in a timely manner, is not a basis for relief under ORS 307.162(2)(a)(B). Plaintiff received the property tax statement in October 2011 and could have devoted its administrative resources to the exemption application, yet it did not do so.

Defendant is correct in asserting that, under the cited statute, Plaintiff must have filed its application by December 31, 2011. Plaintiff has provided no reason to demonstrate it is entitled to enjoy the later filing deadline of April 1, 2012, under ORS 307.162(a)(B). Because Plaintiff's exemption application was not timely filed, it failed to meet the requirements of ORS 307.162. Although Dunn stated at trial that "there's no question that we would have approved [Plaintiff's] application for exemption[,]" Plaintiff's underlying eligibility based on a qualifying use of the

subject property is insufficient to render it entitled to the exemption. Plaintiff has failed to satisfy the preliminary requirements of ORS 307.162 and, therefore, cannot qualify for an exemption under ORS 307.145.

### III. CONCLUSION

After careful consideration, the court finds that Plaintiff's application for property tax exemption for tax year 2011-12 was not timely filed and Plaintiff has failed to demonstrate good and sufficient cause to permit a later deadline under ORS 307.162(3)(b). Plaintiff is not entitled to claim the exemption for the subject property for the 2011-12 tax year. Now therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ＿＿ day of June 2014.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on June 2, 2014. The court filed and entered this document on June 2, 2014.*