IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| CHURCH OF CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 160332N |
| | ) | |
| v. | ) | |
| | ) | |
| LINN COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

Plaintiff appeals Defendant's denial of its property tax exemption application for property

identified as Account 321816 (subject property) for the 2016-17 tax year. A trial was held on

January 19, 2017, in the Oregon Tax Court, Salem, Oregon. Tab Gay (Gay), member of

Plaintiff, appeared and testified on behalf of Plaintiff. Janna Sanders (Sanders), appraiser,

appeared and testified on behalf of Defendant. Plaintiff's Exhibits 1 to 4 and Defendant's

Exhibits A to J were received without objection.

## I. STATEMENT OF FACTS

Gay testified that Plaintiff purchased the subject property from Life Bible Church in

2016. He testified that the offer to purchase the subject property was accepted in April 2016, and

provided a copy of an email dated April 12, 2016, so stating. (*See* Ptf's Ex 1.) A memorandum

of Contract of Sale for the subject property was signed August 5, 2016, and recorded August 9,

2016. (Def's Ex I.) The Contract of Sale shows the sale of the subject property to Tab Gay,

Terrell Gay, Cameron Hollis, Corey Gay, and Ted Gay. (Def's Ex I at 1.) Gay testified that

Plaintiff moved into the subject property immediately after the closing date.

---

[1] This Final Decision incorporates without change the court's Decision, entered May 16, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Plaintiff filed an application for property tax exemption of the subject property under ORS 307.140 for the 2016-17 tax year.[2] (Ptf's Ex 2.) On August 9, 2016, Defendant issued a letter denying Plaintiff's application for property tax exemption for the 2016-17 tax year because Defendant "never received a lease that was in effect on July 1, 2016." (Ptf's Ex 3.) Gay testified that Defendant had suggested Plaintiff and Life Bible Church enter into a lease prior to July 1, 2016, so that Plaintiff would have use of the subject property prior to that date. However, Plaintiff did not end up executing any lease with Life Bible Church.

Sanders testified that the key date for determining the taxable status of the subject property is July 1. She testified that Life Bible Church had previously received property tax exemption for its use of the subject property as a school and that it was exempt for the 2015-16 tax year. Sanders testified that Life Bible Church ceased using the subject property as a school in August 2015. She provided an email dated June 22, 2016, from Matt Dockery (Dockery), Administrative Pastor of Life Bible Church, stating that Life Bible Church moved its school "last August" so it "shut the school down as of the end of this last school year and will no longer have a Harris Private School." (Def's Ex C.) Sanders testified that she concluded the subject property was no longer exempt from taxation because Life Bible Church stopped using it as a school in August 2015. She testified that Defendant sent a disqualification letter to Life Bible Church, but she did not provide a copy of that letter or know the date of the letter. Sanders testified that Life Bible Church did not appeal its exemption disqualification.

Gay testified that the prior owner of the subject property, Life Bible Church, continued using the subject property up until the sale to Plaintiff. He provided an email dated January 18,

---

[2] It is not clear when Plaintiff actually applied for exemption. Plaintiff provided an application for exemption dated September 30, 2016. (Ptf's Ex 2.) That date is well after August 9, 2016, the date of Defendant's notice denying Plaintiff's application. (Ptf's Ex 3.) Presumably, the denial was either based on some other application, or Plaintiff's application was incorrectly dated.

2017, from Dockery stating that the subject property "was still owned and maintained by Life Bible Church, used for activities in the gymnasium and some off-site storage[,]" from August 1, 2015, until the closing date of its sales agreement with Plaintiff.  (Ptf's Ex 4.)

## II.  ANALYSIS

The issue in this case is whether the subject property qualified for property tax exemption for the 2016-17 tax year.

All real property in Oregon is subject to taxation unless specifically exempted.  ORS 307.030;[3] *see also Living Enrichment Center v. Dept. of Rev.*, 19 OTR 324, 328 (2007) (citations omitted).  Such exemptions are a "matter of legislative grace."  *Christian Life Fellowship, Inc. v. Dept. of Rev.*, 12 OTR 94, 96 (1991).  Tax exemption statutes are therefore "strictly construed in favor of the state and against the taxpayer."  *Mult. School of Bible v. Mult. Co.*, 218 Or 19, 27, 343 P2d 893 (1959) (citation omitted).  This rule of construction has been described as "strict but reasonable[,]" which "requires an exemption statute be construed reasonably, giving due consideration to the ordinary meaning of the words of the statute and the legislative intent."  *North Harbour Corp. v. Dept. of Rev.*, 16 OTR 91, 95 (2002) (quoting *Eman. Luth. Char. Bd. v. Dept. of Rev.*, 263 Or 287, 291, 502 P2d 251 (1972)).

In property tax exemption cases, the paramount question is whether the taxpayer has met all of the statutory requirements that allow the property to qualify for exemption.  *Living Enrichment Center*, 19 OTR at 329.  As the party seeking affirmative relief, it is Plaintiff's burden to establish by a "preponderance of the evidence" that the subject property is entitled to exemption.  *See* ORS 305.427.  A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence."  *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971).

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

A.      *Statutory Framework*

ORS 307.140 exempts from taxation property that is "owned or being purchased by religious organizations * * *." Exemption is provided for "[a]ll houses of public worship and other additional buildings and property used solely for administration, education, literary, benevolent, charitable, entertainment and recreational purposes by religious organizations, the lots on which they are situated, and the pews, slips and furniture therein." ORS 307.140(1). Only the portions of a parcel that are actually used for qualifying activities or are reasonably necessary to accommodate those qualifying activities will be granted exemption. *Golden Writ of God v. Dept. of Rev.*, 300 Or 479, 484, 713 P2d 605 (1986).

Exemption is not automatic, however. A religious organization that owns or is purchasing property must file an application under ORS 307.162 before exemption can be granted. ORS 307.140. An organization otherwise qualified for exemption that leases, rather than owns, property may also seek exemption for that property. *See* ORS 307.166 (application and requirements for property leased by exempt institution from exempt owner); ORS 307.112 (application and requirements for property leased by exempt institution from taxable owner). Generally, applications for exemption in the following tax year must be made by April 1, although in certain situations applications may be made after that date. *See, e.g.*, ORS 307.162(1), (2). The tax year is a 12 month period beginning July 1. ORS 308.007(1)(c).

ORS 311.410 addresses the effect of a change in ownership or use on the exempt status of property. That statute states, in pertinent part:

> "(1) Real property or personal property that is subject to taxation on July 1 shall remain taxable and taxes levied thereon for the ensuing tax year shall become due and payable, notwithstanding any subsequent transfer of the property to an exempt ownership or use. * * * Real or personal property exempt from taxation on July 1 shall remain exempt for the ensuing tax year, notwithstanding any transfer within the tax year to a taxable ownership or use."

"* * * * *

"(4) Real or personal property is taxable for the ensuing tax year if the property is transferred or changed at any time before July 1 of any tax year from an exempt ownership to a taxable ownership or taxable use."

July 1, the start of the tax year, is the critical date in this statutory scheme. If a religious organization acquires or leases property before July 1 of a given tax year, then exemption may be granted for that tax year, provided that all of the statutory prerequisites have been met. If, however, a religious organization first acquires or leases property after the start of the tax year, July 1, then no exemption for that tax year may be granted. The same holds true for changes in the use of the property. A change in the use of property, whether from exempt to taxable or taxable to exempt, will not change the status of that property for the current tax year. Instead, the effect of the change in use will take hold in the ensuing tax year, on July 1.

B.      *Plaintiff's Claim for 2016-17 Property Tax Exemption*

Guided by that framework, the court now turns to the status of the subject property—exempt or taxable—for the 2016-17 tax year. At the outset, it is worth noting that Plaintiff's status as a religious organization entitled to exemption under ORS 307.140 is not at issue before the court. Rather, this appeal specifically concerns whether the subject property qualifies for property tax exemption even though Plaintiff did not own or use the subject property until after July 1, 2016. Because the issue was raised by Plaintiff, the court will also consider whether the property remained exempt for the 2016-17 tax year by virtue of the exemption granted to its previous owner, Life Bible Church.

1.      *Plaintiff's property tax exemption application*

Plaintiff appealed from Defendant's letter, dated August 9, 2016, which stated that Plaintiff's application for exemption was denied because Defendant "never received a lease that

was in effect on July 1, 2016." (Ptf's Ex 3.) Standing alone, Defendant's denial letter is not a model of clarity. Adding to the confusion is the fact that the exemption application Plaintiff offered into evidence was dated September 30, 2016, close to two months after the date of the denial letter. Gay testified that Defendant had suggested that Plaintiff enter into a lease with Life Bible Church, but Plaintiff never did so. Presumably, the denial letter refers to that suggested lease. In any event, there is no dispute that Plaintiff did not enter into any lease of the subject property prior to July 1, 2016. Moreover, there is no dispute that Plaintiff did not take possession of the subject property, or use the subject property, until after the sale of the property closed in August 2016.

Defendant's position is that, because "there was no qualifying use of the subject property prior to July 1, 2016," exemption for the 2016-17 tax year cannot be allowed. (Def's Ex Ltr, Dec 12, 2016.) Defendant's argument is well taken, and to it the court would add that some legal right to possess the property is also a requirement for exemption. *See* OAR 150-307-0140(1)(b). As described above, when property is first acquired or leased by an exempt organization after the July 1 start of the tax year, no exemption is available for that tax year. *See, e.g.*, *Christian Life Fellowship, Inc.*, 12 OTR at 96 (property purchased by religious organization in December 1988 did not qualify for exemption for the 1988-89 tax year); *Christ Light Unity v. Multnomah County Assessor*, TC-MD 100368B, WL 646577 at *2 (Or Tax M Div, Feb 22, 2011) ("Plaintiff is not entitled to a property tax exemption for the 2009-10 tax year because it did not own the subject property before July 1, 2009[.]"). The parties agree that Plaintiff did not own,[4] occupy, or use

_____

[4] Property that is "owned or *being purchased by*" a religious organization qualifies for exemption under ORS 307.140. (Emphasis added.) An April 12, 2016, email to Gay shows that an offer on the subject property was accepted at that time. (Ptf's Ex 1.) Arguably, then, the subject property was "being purchased" by Plaintiff as early as April 12, 2016. However, there are at least two reasons why that does not change the outcome in this case. First, the property that is owned or being purchased by an organization must be actually used by the organization to qualify for exemption. ORS 307.140(1); *see also Reorganized Church of Jesus Christ LDS v. Dept. of Rev.*, 6 OTR 510, 511–512 (1976) (examining "use" of property by church delayed from occupying buildings due to zoning

the subject property until August 2016. Because Plaintiff did not acquire or use the subject property until after July 1, Defendant was required to deny Plaintiff's property tax exemption application for the 2016-17 tax year.

2. *Life Bible Church's Exemption*

Plaintiff also argued at trial that Defendant improperly disqualified the exemption that had been previously granted to Life Bible Church.[5] As described above, Life Bible Church had used the subject property as a school until August 2015; although, reportedly, it continued to use the subject property for "activities in the gymnasium and some off-site storage" after that date. (Ptf's Ex 4.) That change in use led Defendant to conclude that the subject property no longer qualified for exemption.

Again, the key date in the analysis is July 1, and the court must determine whether the subject property was "subject to taxation" or "exempt from taxation" as of July 1, 2016. *See* ORS 311.410(1). Under Plaintiff's theory, if Life Bible Church continued its exempt use of the subject property through July 1, 2016, then the subject property would remain exempt for the remainder of the 2016-17 tax year.[6]

Defendant's decision to disqualify the subject property from exemption made the property "subject to taxation" as of July 1, 2016. That is true even if Defendant did not decide to disqualify the property or notify the owner of the disqualification until after July 1, 2016. *See*

---

restrictions). Second, the Memorandum of Contract of Sale lists Tab Gay and other individuals as the buyers; thus, it is not clear that the subject property was actually being purchased by *Plaintiff* at that time. (Def's Ex I.)

[5] A question remains whether Plaintiff is aggrieved by Defendant's determination that Life Bible Church's use of the subject property failed to qualify for property tax exemption for the 2016-17 tax year. *See* ORS 305.275(1)(a). Sanders testified that the disqualification letter was sent to Life Bible Church, suggesting that Life Bible Church is the aggrieved entity. However, to the extent that Plaintiff is obligated to pay the property taxes on the subject property for the 2016-17 tax year, then Plaintiff is aggrieved. ORS 305.275(1)(b).

[6] So long as the ownership of the property does not change, an exempt owner is not required to reapply for exemption each year. ORS 307.162(1)(b).

*Multnomah County Assessor v. Portland Devel. Comm.*, 20 OTR 395, 398 (2011) ("[T]he assessor is permitted to alter position as to exemption or valuation without notice to the property owner prior to the issuance of the tax statement."). The court cannot be sure of exactly when Defendant decided to disqualify the subject property or the form of the notice of disqualification; however the court is satisfied that Defendant had the authority to do so. The court also finds that Life Bible Church did not appeal that decision. It is therefore Plaintiff's burden to prove that Defendant's decision to disqualify the property—based on a change of use in the property—was incorrect. ORS 305.427.

Exemption cases that turn on the qualifying use of property require a fact-intensive analysis, and "[i]n close cases this court will deny exemption." *St. Mary Star of the Sea Catholic Church v. Dept. of Rev.*, TC 5248, WL 7373961 at *8 (Or Tax, Dec 19, 2016) (citations omitted). In some cases, the use of certain portions of the property will qualify those portions for exemption while other portions of the property will be taxable. *See, e.g, Vedanta Society of Portland v. Multnomah County Assessor*, TC-MD 140420N, WL 3653589 at *6 (Or Tax M Div, June 12, 2015). When examining the use of a property, the court must consider how that use fits within the taxpayer's entire enterprise. *See Habitat for Humanity v. Dept. of Rev.*, 360 Or 257, 267, 381 P3d 809 (2016) (applying ORS 307.130).

In this case, both parties acknowledge that the use of the subject property changed in August 2015 when Life Bible Church stopped operating its school there. The question the court must answer is whether that change was from an exempt use to a taxable use. Unfortunately, there is not enough evidence before the court to make that determination. Although an email from Dockery stated that Life Bible Church continued to use the property for some "activities" and "off-site storage," there is no way for the court to determine the frequency of those uses or

the portions of the subject property necessary to support those uses. Moreover, there is no information from which the court could determine how those uses fit within Life Bible Church's charitable or religious enterprise. *Habitat*, 360 Or at 267. Plaintiff has failed to sustain its burden of proof on this issue.

This court has previously observed that despite "the good things exempt organizations do, their encounters with the property tax system have often been difficult and have produced seemingly harsh results." *Erickson v. Dept. of Rev.*, 17 OTR 324, 327 (2004). Plaintiff may find this outcome to be harsh; however, the court is bound to apply the law as it is written.

### III.  CONCLUSION

The court concludes that Defendant correctly denied Plaintiff's application for property tax exemption for the 2016-17 tax year because Plaintiff did not own, lease, or otherwise occupy or use, the subject property as of July 1, 2016. The court further concludes that Plaintiff failed to prove by a preponderance of the evidence that Life Bible Church's use of the subject property qualified the subject property for exemption for the 2016-17 tax year. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of June 2017.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within __60__ days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*
*This document was filed and entered on June 6, 2017.*