## IN THE OREGON TAX COURT

CHRISTIAN LIFE FELLOWSHIP, INC.,
*v.*
DEPARTMENT OF REVENUE
(TC 3077)

William E. Van Atta, Tharp & Van Atta, Ontario, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered December 3, 1991.

### CARL N. BYERS, Judge.

This matter is before the court on cross-motions for summary judgment. The parties stipulated the facts and have submitted memoranda in support of their positions.

Plaintiff is a religious organization within the meaning of ORS 307.140. On December 1, 1988, plaintiff purchased real property and immediately began using it as a church. On December 29, 1988, plaintiff filed an application with the Malheur County Assessor, seeking exemption from property taxes for the 1988-89 tax year. On January 4, 1989, the assessor denied plaintiff's application for the 1988-89 tax year, but granted exempt status for 1989-90 and subsequent tax years. Plaintiff timely appealed to defendant which, after hearing, affirmed the denial of exemption for the 1988-89 tax year.

Plaintiff's motion raises two issues, one of statutory interpretation and one of constitutional claims. Defendant efficiently responds to each of plaintiff's claims.

## STATUTORY INTERPRETATION

■■ In order to obtain a property tax exemption under ORS 307.140, the exempt organization must file a timely application for exemption in accordance with ORS 307.162. The application must be filed by April 1 of the assessment year in which the exemption is first sought.[1] However, the statutes recognize that use or ownership of property may change after April 1. Accordingly, ORS 307.162(1)(b) provides:

> "When the property designated in the claim for exemption is acquired, or if the use is changed, after January 1 and before July 1, the claim for that year shall be filed on or before April 1 in such year or within 30 days from the date of acquisition of the property, whichever is the later."

Plaintiff interprets this statute to permit an organization which purchases property after July 1 to file the application within 30 days. Such interpretation is not correct. The statute, by its very terms, is limited to changes in ownership or use "after January 1 and before July 1." For changes which take place after June 30 and before December 31, there is no filing time limit because the property cannot be exempt for that tax year. ORS 311.410(1) provides:

---

[1] Although the exemption is from taxation and the tax year extends from July 1 to June 30, the term "year" refers to the assessment year, not the tax year. To use April 1 of the tax year would fix determination of exempt status after assessments were made and after the tax lien attached.

> "Real property or personal property having a status as such on January 1 which is subject to taxation on July 1 shall remain taxable and taxes levied thereon for the ensuing fiscal year shall become due and payable, notwithstanding any subsequent transfer of the property to an exempt ownership or use. Real property exempt from taxation on July 1 shall remain exempt for the ensuing fiscal year, notwithstanding any transfer within such year to a taxable ownership or use."

This provision, and its accompanying subsections, makes clear the legislative intent that the taxable status of property does not change after July 1. Plaintiff contends that ORS 307.162(1) is an exception to ORS 311.410(1). Plaintiff is in error. ORS 311.410 governs the taxable status of property. ORS 307.162 merely governs the time for filing applications to obtain exemption.

**CONSTITUTIONAL ISSUES**

■ ■ Plaintiff also claims the statutory scheme violates plaintiff's constitutional right to be free from taxation and its right of equal protection. Plaintiff's shotgun arguments, which cite no authorities, hardly merit discussion. Defendant's counsel succinctly and correctly points out that churches have no constitutional right to operate free from taxation. *Swaggart v. Calif. Equalization Bd.*, 493 US 378, 110 S Ct 688, 107 L Ed 2d 796 (1990). Also, it has long been the rule in Oregon that property is subject to taxation unless specifically exempted. *Methodist Homes, Inc. v. Tax Com.*, 226 Or 298, 360 P2d 293 (1961). Such exemptions are matters of legislative grace. The legislature can unquestionably impose time limits on the claims of exemption for a particular year. Denying exemption to property whose ownership or use changes after the fiscal year begins is a rational way to achieve stability in taxation. *School Dist. No. 12 v. Wasco County*, 270 Or 622, 629, 529 P2d 386 (1974). Now, therefore,

IT IS ORDERED that plaintiff's Motion for Summary Judgment is denied; and

IT IS FURTHER ORDERED that defendant's Motion for Summary Judgment is granted and defendant is awarded its costs.