DECISION
Plaintiff appeals Defendant's denial of its application for property tax exemption for the tax year 2009-10. The matter is before the court on written submissions.
 I. STATEMENT OF FACTS
On June 15, 2010, the parties filed "Points of Agreement. Plaintiff is a non-profit organization that is "organized and operated exclusively for religious and educational purposes." (Points of Agreement at 1.) The subject property at issue was purchased by Plaintiff on October 29, 2009, and is located at 205 SE 181st Avenue, Gresham, Oregon. (Id.). On November 25, within 30 days of purchase, Plaintiff filed an "Application for Real and Personal Property Tax Exemption" with Defendant for a property tax exemption for the 2009-10 tax year. (Id.). Plaintiff tendered a check for $398.97 with the application as a late filing fee. (Id.). The parties agree that $398.97 represents "one-tenth of one percent of the real market value as of the most recent assessment date of the property[,]" which is the proscribed late filing fee under ORS 307.162(2).[1]
(Id.). Defendant sent a letter of denial of the tax exemption on January 7, 2010, and returned the original unprocessed check in the amount of $398.97. (Id.). *Page 2 
Plaintiff appeals that denial asserting that it qualifies for the exemption under ORS 307.140, and has complied with the application requirements of ORS 307.162 by filing the application and submitting the late filing fee within 30 days of purchase. (Ptf's Ltr, July 14, 2010). Defendant agrees that Plaintiff is a non-profit organization organized and operating exclusively for religious and educational purposes. (Points of Agreement at 1.) Defendant alleges that Plaintiff does not qualify for the exemption for the 2009-10 tax year because the late application filing fee only applies to property that is acquired after March 1 and before July 1 under ORS 307.162 and ORS 311.410(1). (Def's Ltr, July 15, 2010).
 II. ANALYSIS
"Generally, all property located within Oregon is taxable."Living Enrichment Center Properties, LLC v. Dept. of Rev.,19 OTR 324, 328 (2007) (citing ORS 307.030). "It has long been the rule in Oregon that property is subject to taxation unless specifically exempted." Id. at 328 (citing Christian LifeFellowship, Inc. v. Dept. of Rev., 12 OTR 94, 96 (1991)). Exemption provisions "should be strictly construed in favor of the state and against the taxpayer." North Harbour Corp. v. Dept. ofRev., 16 OTR 91, 94 (2002) (citing Mult. School of theBible v. Mult. Co.,218 Or 19, 27, 343 P.2d 893 (1959)). That rule of construction means "strict but reasonable[,]" which "requires an exemption statute be construed reasonably, giving due consideration to the ordinary meaning of the words of the statute and the legislative intent." Id. at 95 (citations omitted.)
ORS 307.140 provides a property tax exemption for qualified religious organizations. ORS 307.140 states, in pertinent part: *Page 3 
 "Upon compliance with ORS 307.162, the following property owned or being purchased by religious organizations shall be exempt from taxation:
 "(1)All houses of public worship and other additional buildings and property used solely for administration, education, literary, benevolent, charitable, entertainment and recreational purposes by religious organizations, the lots on which they are situated, and the pews, slips and furniture therein. * * *"
Plaintiff alleges that it qualifies for the exemption under ORS 307.140, and properly complied with ORS 307.162(2) which states, in pertinent part:
 "Notwithstanding subsection (1) of this section, a statement may be filed under this section on or before December 31 of the assessment year for which exemption is first desired. However, any statement filed after the time for filing the statement specified in subsection (1) of this section must be accompanied by a late filing fee of the greater of $200, or one-tenth of one percent of the real market value of the property to which the statement pertains * * *.
Plaintiff concludes that the above statute permits an organization which acquires ownership of property after July 1 to file an application for exemption within 30 days of the date of purchase. That conclusion is incorrect. The statute is limited to changes in ownership or use "after January 1 and before July 1." ORS 307.162(1)(b). For changes occurring after June 30 and before December 31, there is no filing time limit because the property cannot be exempt for that tax year.
ORS 311.410(1) provides in pertinent part:
 "(1) Real property or personal property that is subject to taxation on July 1 shall remain taxable and taxes levied thereon for the ensuing tax year shall become due and payable, notwithstanding any subsequent transfer of the property to an exempt ownership or use. * * * Real or personal property exempt from taxation on July 1 shall remain exempt for the ensuing year, notwithstanding any transfer within the tax year to a taxable ownership or use."
That statute states that the taxable status of property does not change after July 1.
ORS 307.162 is not an exception to ORS 311.140; it "merely governs the time for filing applications to obtain exemption." SeeChristian Life Fellowship, Inc., 12 OTR 94, 96 (holding *Page 4 
that property purchased by a religious organization on December 1, 1998, did not qualify for an exemption for the 1998-1999 tax year despite filing an application within 30 days of purchase.) The late fee filing requirement in ORS 307.162(2) applies only to property purchased before July 1. See ORS 311.410(1). "For changes which take place after June 30 and before December 31, there is no filing time limit because the property cannot be exempt for that tax year" Id. at 95.
Despite Plaintiff's good-faith attempt to comply with the provisions in ORS 307.162, Plaintiff cannot qualify for the religious organization exemption for the 2009-10 tax year because the property was purchased after July 1, 2009.
 III. CONCLUSION
Plaintiff is not entitled to a property tax exemption for the 2009-10 tax year because it did not own the subject property before July 1, 2009, as required under ORS 311.410(1). Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ____ day of February 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on February 22, 2011. The Court filed and entered thisdocument on February 22, 2011.
[1] All references to Oregon Revised Statutes (ORS) are to 2007. *Page 1