DECISION
Plaintiff appeals Defendant's denial of its application for property tax exemption for the 2010-11 tax year. The court held an initial case management hearing by telephone on February 23, 2011. Esther Hinson, President, appeared on behalf of Plaintiff. Deborah Attwood, Appraiser, appeared on behalf of Defendant. At that hearing, the court allowed Plaintiff to submit a written memorandum by May 20, 2011, explaining why Plaintiff believed the property qualified for the exemption at issue. Defendant agreed to file a written response, if any, by June 10, 2011.
Plaintiff's subsequent representative, Edd Scott, Licensed Real Estate Broker, timely submitted Plaintiff's memorandum on May 11, 2011. Defendant timely submitted its response on June 9, 2011. The court has reviewed those documents and the case is now ready for decision.
 I. STATEMENT OF FACTS
The property at issue is identified in Assessor's records as Accounts R160155, R160156, and R160157 (subject property). (Ptf's Compl at 1.) Plaintiff is a nonprofit organization that operates a preparatory preschool for children of low income families. (Ptf's Mem at 2.) Broadly speaking, the organization's objective is to prepare the children to compete and succeed in school by providing early educational intervention strategies "grounded in biblical principles *Page 2 
using today's technology." (Ptf's Mem, "Extra Exhibit" at 4.)
Plaintiff entered into a lease for the use and occupation of the subject property in August 2010, and filed an application for exemption under the provisions of ORS 307.112 that same month.[1]
(Ptf's Mem at 1; Def's Resp at 1, 3.) Defendant issued a written denial of that application on October 15, 2011. (Ptf's Compl at 3.) The denial letter states that "[t]he lease does not qualify in accordance with ORS 307.112." (Id.)
The parties do not dispute that Plaintiff is an organization that qualifies for property tax exemption and that Plaintiff leases certain real property which it uses for exempt purposes. As such, the property would be exempt from taxation, provided the relevant statutory requirements are satisfied. The parties disagree as to whether the property qualifies for exemption based on the timing of the execution of the lease and subsequent application for exemption.
Plaintiff asserts that it has met all the requirements of ORS 307.112, noting that Plaintiff "was told by the Multnomah County Assessors Office there was to be no late filing fee due since it was filed after July 31st." (Ptf's Mem at 2.) Plaintiff contends, therefore, that they meet the requirements of the late filing exception of ORS 307.112(4)(a)(B). (Id.) Additionally, Plaintiff feels that it is unfair to pay a full year of property taxes, noting that "[w]ith the economic problems of serving the socio-economic group they are serving it is most important they receive every break applicable to a non-profit organization and this includes the option of property tax abatement." (Id.)
Defendant asserts that the property does not qualify for an exemption under ORS 307.112 because Plaintiff did not enter into the lease for the use of the property until after July 1, 2010. (Def's Resp at 2.) Defendant further notes that under ORS 311.410, property that is subject to tax on July 1 remains taxable for the entire tax year. (Id.) *Page 3 
 II. ANALYSIS
ORS 307.112(1) provides for real property tax exemption for property of a taxable owner that is leased by an "institution, organization or public body * * * granted exemption or the right to claim exemption" under one of a number of statutory provisions. In order to obtain the exemption, the otherwise qualifying organization must file an application. ORS 307.112(2).
Generally, the application is due "on or before April 1 preceding the tax year for which the exemption is claimed * * *." ORS 307.112(4)(a). The statute, however, provides for an even later deadline in two circumstances:
 "(A) If the lease, sublease or lease-purchase agreement is entered into after March 1 but not later than June 30, the claim must be filed within 30 days after the date the lease, sublease or lease-purchase agreement is entered into if exemption is claimed for that year; or
 "(B) If a late filing fee is paid in the manner provided in 307.162 (2), as applicable and notwithstanding the limitation of scope in ORS 307.162 (1), the claim may be filed on or before December 31 of the tax year for which exemption is first claimed."
Id. (emphasis added).
Plaintiff, ignoring paragraph (A) of ORS 307.112(4)(a), interprets the entire statute to allow an organization to file an application anytime before December 31, as long as the late fees are paid. However, when determining whether a property is exempt under ORS 307.112, two dates are relevant: the date the application is filed and the date the taxable status of the property changes. If the taxable status of the property changes on or after July 1, the date the application is filed becomes irrelevant "because the property cannot be exempt for that tax year." ChristianLife Fellowship, Inc. v. Dept. of Rev., 12 OTR 94, 95 (1991). Plaintiff's interpretation focuses only on the application date and is, therefore, incorrect. *Page 4 
Support for the court's determination is found in ORS 311.410(1), which provides in relevant part:
 "Real property or personal property that is subject to taxation on July 1 shall remain taxable and taxes levied thereon for the ensuing tax year shall become due and payable, notwithstanding any subsequent transfer of the property to an exempt ownership or use."
(Emphasis added.) ORS 311.410, as well as the "after March 1 and before July 1" limitation found in both ORS 307.112 and ORS 307.162, makes clear the Legislature's intent that the taxable status of property may not change after July 1 for any given tax year.
Plaintiff, in this case, did not sign the lease until August 2010. The statutory deadline to sign the lease was June 30, 2010, and Plaintiff then had to file an application within 30 days of that date in order to obtain an exemption. Because Plaintiff did not enter into its lease on or before June 30, 2010, the property was subject to taxation on July 1, 2010. Accordingly, under ORS 311.410(1), the property "shall remain taxable," notwithstanding the fact that the property was subsequently transferred to an exempt use when Plaintiff signed the lease.
To briefly address Plaintiff's "fairness" argument:
 "it has long been the rule in Oregon that property is subject to taxation unless specifically exempted. Such exemptions are matters of legislative grace. The legislature can unquestionably impose time limits on the claims of exemption for a particular year. Denying exemption to property whose ownership or use changes after the fiscal year begins is a rational way to achieve stability in taxation."
Christian Life Fellowship, Inc.,12 OTR at 96 (citations omitted). While Plaintiff's organizational purpose and activities are laudable, the law is clear that a lease must be entered into before July 1 for there to be a claim of exemption under ORS 307.112.
 III. CONCLUSION
The court concludes that Plaintiff is not entitled to a property tax exemption for the 2010-11 tax year because it did not enter into the lease of the subject property before July 1, 2010, *Page 5 
as required by ORS 307.112 and ORS 311.410. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of July 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon July 15, 2011. The Court filed and entered this documenton July 15, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1