486                    March 30, 2021                    No. 21

IN THE OREGON TAX COURT
REGULAR DIVISION

POWER RENTS LLC,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5356)

On cross-motions for summary judgment, Plaintiff sought a refund of property tax for tax year 2018-19 after Plaintiff became subject to the heavy equipment rental tax (HERT) on Jan 1, 2019. Plaintiff argued that under an uncodified provision of the HERT act, Oregon Laws 2018, chapter 64, section 11(2), the legislature intended to classify Plaintiff's property as exempt after the HERT became active. Defendant Department of Revenue (the department) argued that section 11(2) was only meant to extend the usual filing deadline for the HERT and that existing law, namely ORS 311.410(1), precluded any exemption from property tax. The court rejected both arguments and concluded that section 11(2) merely set the filing deadline for the first year of the HERT. Further, the court concluded that nothing in the HERT act exempted Plaintiff's property from property tax as of the start of property tax year 2018-19, and therefore the property remained taxable for the rest of the tax year under ORS 311.410(1).

Oral argument on cross-motions for summary judgment was held remotely on May 22, 2020.

Michael J. Mangan, Mangan Law PC, Portland, filed the motion and argued the cause for Plaintiff.

Daniel Paul, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant.

Decision rendered March 30, 2021.

**ROBERT T. MANICKE, Judge.**

## I.   INTRODUCTION

Plaintiff Power Rents LLC (taxpayer) seeks a refund of property tax attributable to the period January 1, 2019 to June 30, 2019, claiming an exemption applied because taxpayer was subject to the heavy equipment rental tax (the HERT) commencing January 1, 2019.

## A.   *The HERT Act*

The legislature enacted the HERT in 2018, and its provisions are now codified as ORS 307.870 to 307.890.[1] *See* Or Laws 2018, ch 64. Broadly stated, the HERT act substitutes a new quarterly excise tax on the rental of certain equipment, in lieu of annual property tax on the assessed value of the equipment. Subsection (1) of ORS 307.872 provides:

"A tax of two percent is imposed on the rental price received for any qualified heavy equipment."[2]

A "qualified heavy equipment provider" must file quarterly returns with the Department of Revenue (the department) and remit the tax with each return. *See* ORS 307.878.

Subsection (3) of ORS 307.872 provides the exemption from property tax at issue in this case:

"Qualified heavy equipment is exempt from any and all ad valorem property taxes if rental of the qualified heavy equipment is subject to taxation under this section."

ORS 307.875(1) requires a registration:

"Every qualified heavy equipment provider shall register with the Department of Revenue in the form and manner prescribed by the department no later than December 15 immediately preceding the beginning of the next property tax year by certifying that the provider is engaged in the line of business described in ORS 307.870(7)."

As is common for tax laws, the HERT act provided that the act as a whole "t[ook] effect" on the 91st day after adjournment of the legislative session, which in this case meant that the act took effect on June 2, 2018. *See* Or Laws 2018, ch 64, § 18. However, all of the permanent and codified provisions, including the provisions in ORS 307.872 imposing the HERT and exempting property from property tax, as well as the registration requirement in ORS 307.875,

---

[1] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to the 2019 edition.

[2] "Qualified heavy equipment" generally includes certain mobile construction and other equipment that is owned and held primarily for rental by a person primarily engaged in renting such equipment, without an operator, to persons other than affiliates. *See* ORS 307.870(1), (6), (7).

"apply to rentals of qualified heavy equipment occurring on or after January 1, 2019."

Or Laws 2018, ch 64, § 11(1). An uncodified provision states:

"For purposes of complying with [ORS 307.875(1)] for the property tax year beginning on July 1, 2018, a qualified heavy equipment provider shall register with the Department of Revenue no later than December 31, 2018."

Or Laws 2018, ch 64, § 11(2).

The act also includes temporary provisions that require providers to file reports with the department in 2019 and 2020 that show cost, location, and other data on equipment at each rental location. *See* Or Laws 2018, ch 64, §§ 12-13, *compiled as a note after* ORS 307.890. The department must use these reports to estimate the amount of property tax that would have been due, compare that amount to the amount of HERT collected, and either collect or refund the difference, as applicable. *See id.* No later than July 1, 2022, the department must report these data to the legislature, and the Legislative Revenue Officer must propose a rate of tax for the HERT that "will maintain revenue neutrality with respect to the replacement of the ad valorem property tax by the heavy equipment rental tax." *Id.* § 16.

The main dates of the 2019 and 2020 reporting and comparison requirements bear mention. The first reports from providers are due March 31, 2019, and must include the value-related data on equipment that is "[i]n this state on January 1, 2019, at 1:00 a.m." *Id.* § 12(1)(a)(A). The department must compare the estimated property tax due for that equipment "for the property tax year beginning on July 1, 2019," to the HERT attributable to equipment rented from the same rental location "during the 2019 calendar year *** ." *Id.* §§ 12(1)(e), 12(2)(a). The second reports from providers are due March 31, 2020, and must provide the value-related data on equipment that is "[i]n this state on January 1, 2020, at 1:00 a.m." *Id.* § 13(1)(a)(A). The department must compare the estimated property tax due for that equipment "for the property tax year beginning on July 1, 2020" to the HERT attributable to equipment rented from the same rental location "during the 2020 calendar year *** ." *Id.* §§ 13(1)(e), 13(2)(a).

B.  *Facts*

Taxpayer owns machinery and equipment on which the county assessor assessed property taxes for tax year 2018-19 (the Property). Taxpayer alleges, and the department and the court assume for purposes of this order, that the Property was within the statutory definition of "qualified heavy equipment," and that the Property's rental price became subject to the HERT as of January 1, 2019. Taxpayer submitted the uncontested declaration of a managing member stating that taxpayer registered with the department as a heavy equipment rental provider on or about December 15, 2018.

C.  *Parties' Positions*

Taxpayer asks the court to determine that the Property "is exempt from property tax for the exempt period starting January 1, 2019." Taxpayer asks the court to order the department and county officials "to reduce the property taxes accordingly on the 2018-19 tax rolls" and to order a refund accordingly. The department asks the court to uphold the assessment of property tax for tax year 2018-19, without any refund. The parties have filed cross-motions for summary judgment.

## II.  ISSUE

Is a refund of property tax due with respect to the Property for the period January 1, 2019 to June 30, 2019?

## III.  ANALYSIS

A.  *Taxpayer's Affirmative Argument*

Taxpayer's affirmative argument is that the property tax exemption in ORS 307.872(3) first applied to taxpayer's Property for the portion of tax year 2018-19 for which the HERT also applied, namely January 1, 2019 through June 30, 2019. Taxpayer focuses on uncodified section 11(2) of the HERT act, which, to repeat, provides: "For purposes of complying with [ORS 307.875(1)] for the property tax year beginning on July 1, 2018, a qualified heavy equipment provider shall register with the Department of Revenue no

later than December 31, 2018." Taxpayer argues that the first clause, referring to the property tax year beginning on July 1, 2018, implies that the legislature intended to classify the Property as exempt from property tax for that tax year, starting at the time when two conditions were satisfied: (1) taxpayer must have registered no later than December 31, 2018, as provided in the second clause of section 11(2), and (2) rental of the Property must have been subject to the HERT under ORS 307.872(1).

For purposes of the cross-motions, the department does not dispute taxpayer's factual assertion that both these conditions were satisfied as of January 1, 2019, but the department disputes taxpayer's inference that section 11(2) operates to confer property tax exemption for tax year 2018-19. The department argues that section 11(2) is properly read as a one-time, two-week extension of the registration deadline, from the normal, permanent December 15 deadline under ORS 307.875(1) to December 31. Because the parties disagree about the meaning of section 11(2), the court analyzes its text and context, applying the analytical framework of *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).[3]

The department emphasizes that section 11(2) applies "[f]or purposes of complying" with the registration requirement in ORS 307.875(1), suggesting that the purpose of section 11(2) was solely to extend the regular December 15 deadline and thereby to allow the maximum possible time for potential HERT taxpayers to determine whether they were required to register before they were required to begin collecting the new tax from customers on January 1, 2019. The statute referred to, ORS 307.875(1), describes the regular application deadline as December 15 preceding the beginning of the "next" property tax year. A taxpayer that registers after the HERT initially became applicable on January 1, 2019, thus *complies* with the registration requirement during one tax year, and that registration informs the

---

[3] The parties have pointed to no relevant legislative history for the HERT act, and the court has found none. The court also examined the legislative history of a similar predecessor bill that was pending in committee upon adjournment of the 2017 legislative session (HB 2942 (2017)), but the court found nothing helpful in those materials.

department that the taxpayer's qualified heavy equipment will be exempt for the *next* property tax year.[4]

As context, the court observes that the need for section 11(2) is created by the text of the preceding subsection. Although the entire act was effective June 2, 2018, section 11(1) declares that ORS 307.870 to 307.890 apply to rentals occurring on or after January 1, 2019. The statutes subject to the delayed applicability date include the registration requirement itself, in ORS 307.875(1). Therefore, absent a specific registration provision elsewhere in law, no *applicable* law would exist to require taxpayers to register as HERT taxpayers before the HERT began to apply on January 1, 2019. The court reads section 11(2) as solving that dilemma because section 11(2) specifies an initial registration deadline of December 31, 2018, and section 11(2) is not covered by the delayed applicability date of January 1, 2019. The court finds this understanding of the function of section 11(2) more straightforward than taxpayer's argument that section 11(2) impliedly creates property tax exemption for tax year 2018-19.[5]

As further context, the court considers the detailed reporting and comparison requirements for 2019 and 2020, as identified in the department's briefing. *See* Or Laws 2018, ch 64, §§ 12-13. Those provisions require the department to compare new HERT revenue to estimated forgone property tax revenue, in order to facilitate the setting of a permanent rate for the HERT that will "maintain revenue neutrality." *See id.* § 16. The department must compare HERT reported during each "calendar year" 2019 and 2020 with forgone property tax for the "property tax year beginning on July 1, 2019" and the "property tax year beginning on July 1, 2020," respectively. *Id.* §§ 12-13. According to the department, because the comparison does not attempt to measure forgone property tax revenue for each *calendar* year 2019 and 2020, these provisions imply that the legislature did not intend

---

[4] Registration also informs the department to expect a HERT return from the taxpayer for the quarter beginning the January 1 after the taxpayer registers.

[5] Accordingly, section 11(2) does not actually *extend* the deadline, as the department argues. Rather, section 11(2) *sets* a deadline where none otherwise would exist.

the property tax exemption to commence on January 1, 2019, but rather, on July 1, 2019.

The court agrees that sections 12 and 13 of the HERT act are additional context weighing in favor of the department's position. Because the legislature was sufficiently concerned with "revenue neutrality" to impose additional reporting requirements on taxpayers for the first two years of the HERT, as well as to require the department to collect, analyze, and adjust the data and issue equalizing refunds or supplemental tax assessments for each of those years, if the legislature intended to exempt qualified heavy equipment from property tax starting January 1, 2019, it seems likely that the legislature would have selected the most closely comparable data available, *i.e.*, calendar-year data not only for the HERT, but also for the estimated forgone property tax. Instead, the legislature selected HERT data for the 2019 and 2020 calendar years, and property tax data for the two property tax years to which those calendar years correspond.[6]

Taxpayer responds by characterizing the initial HERT registration deadline as retroactively effective for the property tax year during which the taxpayer registers. Taxpayer compares section 11(2) and ORS 307.875(1) to mid-tax-year deadlines that allow a taxpayer seeking one of the common exemptions (charitable, religious, etc.) to apply late, after the regular April 1 deadline under ORS 307.162 (1)(a). *See, e.g.*, ORS 307.162(2)(a)(A)‑(B) (allowing claim for exemption up to nine or 12 months late, respectively, upon compliance with additional conditions); ORS 307.475 (allowing taxpayer to seek discretionary relief from assessment due to failure to claim exemption, failure to seek cancellation of assessment, or failure to apply for reduction of maximum assessed value due to property destruction); *see generally Mid-Willamette Valley Comm. Action Agcy. v. Dept. of Rev.*, 24 OTR 214, 217-21 (2020) (explaining late mid-year filing deadlines under ORS 307.162). The court finds these

---

[6] The concept of a calendar year "corresponding" to the property tax year that begins on July 1 of that same calendar year is embedded in property tax law. *See, e.g.*, ORS 308.007(2) ("For purposes of property taxation, unless the context requires otherwise, the assessment year beginning January 1 corresponds to the tax year beginning July 1 of the same calendar year.").

comparisons unenlightening. The mere fact that the legislature has chosen to set express deadlines that apply after the start of the tax year in some circumstances is not sufficient to establish that the legislature has done so here by implication. The court rejects taxpayer's argument that section 11(2) confers exemption from property tax for tax year 2018-19.

B.   *The Department's Affirmative Argument*

The department's affirmative argument is that existing law, unmodified by the HERT act, precludes any exemption from property tax, and any refund, for the first six months of 2019. The department relies primarily on ORS 311.410(1), which treats property as taxable for the entire property tax year if the property was taxable on July 1 of that tax year, notwithstanding any later change during the tax year to an exempt ownership or use.[7] ORS 311.410(1) provides:

> "Real property or personal property that is subject to taxation on July 1 shall remain taxable and taxes levied thereon for the ensuing tax year shall become due and payable, notwithstanding any subsequent transfer of the property to an exempt ownership or use."

This court has described ORS 311.410(1) as making "clear the legislative intent that the taxable status of property does not change after July 1." *Christian Life Fellowship, Inc. v. Dept. of Rev.*, 12 OTR 94 (1991).[8]

Taxpayer responds that ORS 307.872(3) clearly states that the Property was exempt for the period January 1, 2019 through June 30, 2019, because the only conditions

---

[7]  The department also relies on ORS 311.405(3)(a) and (b), which provide that a lien attaches to taxable personal property on July 1 "and shall continue until the taxes are paid," subject to two exceptions not applicable here.

[8]  Conversely, ORS 311.410(3) generally provides that "property is exempt for the ensuing tax year if the property is transferred or changed from a taxable to an exempt ownership or use at any time before July 1 of any year." To the extent that taxpayer is concerned that it is subject to a form of "double taxation" for the first six months of 2019, the department acknowledged at oral argument that the all-or-nothing rules of ORS 311.410(1) and (3) can give the benefit to the taxpayer in some circumstances, for example, when a HERT taxpayer goes out of business shortly after July 1, after its qualified heavy equipment has become exempt for the property tax year.

for exemption—that taxpayer have registered on or before December 31, 2018, and that rental of the Property be subject to the HERT—were satisfied during that period. This argument is correct as far as it goes, but it does not adequately address the indivisibility of a tax year under ORS 311.410. *Cf. River Vale Limited Partnership v. Dept. of Rev.*, 24 OTR 468, 478 n 14 (2021) (classification of property as open space land or farmland determined on full-year basis). Taxpayer argues that the result the department is seeking would have required the legislature to amend ORS 311.405 or ORS 311.410, or both. The court reaches the opposite conclusion: In the HERT act, the legislature declared that property is exempt from property tax if the HERT applies, but it did not change the longstanding rule of ORS 311.410(1) that a midyear shift from taxable status to exempt status does not relieve property from taxation for any part of the year of the shift.[9]

In a supplemental brief, taxpayer expands its argument to assert that the Property was "exempt from property taxes for the *entire* 2018/19 tax year." (Emphasis added.) Taxpayer bases this position on its earlier argument that a registration for the HERT filed in December confers property tax exemption retroactively for the property tax year in which the registration is filed. This argument fails because section 11(1) of the HERT act states that all of the provisions now codified as ORS 307.870 to 307.890 "apply to rentals of qualified heavy equipment occurring on or after January 1, 2019." Or Laws 2018, ch 64, § 11(1). Those provisions include ORS 307.872, which both imposes the HERT and confers exemption "if rental of the qualified heavy equipment is subject to taxation under this section." The Property was not subject to HERT on July 1, 2018, because the HERT did not apply until January 1, 2019. Therefore, the Property could

---

[9] As to the lien that attached to the Property by operation of law on July 1, 2018, taxpayer in its response invokes and emphasizes the exception in ORS 311.405(2), which states:

"Taxes on real property shall be a lien thereon *from and including* July 1 of the year in which they are levied until paid and, *except as otherwise specifically provided by law*, such lien shall not be voided or impaired."

Taxpayer characterizes the HERT act as such a specific exception, but the court finds nothing in the HERT act that addresses property tax liens.

not have satisfied the criteria for exemption, under taxpayer's theory, on July 1, 2018.

In the same supplemental brief, taxpayer explains its position by referring to several hypothetical situations, including one posed by the court during oral argument. Taxpayer's arguments again rely on comparison to ORS 307.475 and other relief statutes that allow taxpayers to obtain exemption or other benefits after the start of the property tax year despite a failure to apply for those benefits timely. Similarly, taxpayer focuses on language in ORS 311.410(3), which provides:

> "Notwithstanding ORS 311.405 (4) or (5), real or personal property is exempt for the ensuing tax year if the property is transferred or changed from a taxable to an exempt ownership or use at any time before July 1 of any year. However, if the property is exempt under a provision of ORS chapter 307 that requires the filing of a claim for exemption, the transfer does not operate to render the property exempt from taxation for the ensuing tax year unless the required claim for exemption is filed on or before the date specified in the applicable statute or within 30 days after the date of acquisition or, if relevant under the applicable exemption statute, the change of use of the property, whichever is later. This section does not limit other statutes that prescribe filing dates for claiming an exemption."

Taxpayer points to the second sentence quoted above as further proof that an exemption application may be applied retroactively to the start of the property tax year. Yet, as pointed out above, the fact that the legislature elsewhere in statute allows an application for exemption to be filed after the property tax year has commenced does not, without more, create an inference that section 11(2) of the HERT act makes the initial registration apply to tax year 2018-19.[10]

---

[10] In addition, as the department points out, it is not clear that the references in ORS 311.410(3) to a "claim for exemption" apply to registration for the HERT. The most widely used property tax exemptions, such as the charitable and religious exemptions, are "voluntary" in the sense that a property owner or lessee might choose to pay property tax rather than to "claim" the exemption. *See, e.g.*, ORS 307.130(2) (charitable and other exemptions apply "[u]pon compliance with ORS 307.162"); ORS 307.140 (same for property of religious organization); ORS 307.162 (providing procedures to "claim" numerous types of exemption). Nothing about the HERT is voluntary in any comparable sense. "Every" qualified heavy equipment provider is required to register; the HERT is imposed on the rental

IV.   CONCLUSION

Taxpayer is not entitled to a refund of property tax for any part of tax year 2018-19. Taxpayer became subject to the HERT on January 1, 2019, following its timely registration as a qualified heavy equipment provider pursuant to section 11(2) of Oregon Laws 2018, chapter 64. However, nothing in the HERT act caused taxpayer's property to be exempt from property tax as of July 1, 2018, when the property tax year 2018-19 began. Therefore, under ORS 311.410(1), taxpayer's property "remain[ed] taxable" for the ensuing tax year 2018-19. Now, therefore,

IT IS ORDERED that Defendant-Intervenor's Motion for Summary Judgment is granted; and

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is denied.

---

price for "any" qualified heavy equipment, and qualified heavy equipment "is exempt" from property tax without any further process. *See* ORS 307.875(1), ORS 307.872(1), ORS 307.872(3).