IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

SKATECHURCH, INC. and DAVID W.　　　)
SMITH (Skatechurch director),　　　　　)
　　　　　　　　　　　　　　　　　　 )
　　　　　　　Plaintiffs,　　　　　　　)　　TC-MD 230427N
　　　　　　　　　　　　　　　　　　 )
　　　　v.　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
MULTNOMAH COUNTY ASSESSOR,　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　Defendant.　　　　　　　)　　**DECISION**

Plaintiffs appealed Defendant's denial of property tax exemption for property identified as Account R217932 (subject property) for the 2023-24 tax year.  Defendant filed a Motion to Dismiss (Motion), which the court construes as a motion for summary judgment.[1]  During the case management conference held December 12, 2023, the parties agreed to a briefing schedule on Defendant's Motion.  This matter is now ready for the court's determination.

## I.  STATEMENT OF FACTS

Skatechurch "is a religious, nonprofit organization serving skateboarders in Portland since 1987" and it is exempt from taxation under IRC 501(c)(3).  (Compl at 3; Ptfs' Resp at 2.) "On July 5, 2023, Skatechurch, Inc. closed on and took ownership of a one-acre property in SE Portland, which [it] began using for outreach events shortly thereafter."  (Ptfs' Resp at 2.)  From July through September 2023, Plaintiffs held weekly work parties "to fabricate and erect 350 feet of new fencing."  (Compl at 3.)  They hosted several events in September and October 2023. (*Id.*)  Plaintiffs timely filed an exemption application.  (Ptf's Resp at 2.)

---

[1] In reviewing a motion for summary judgment, the court considers the entire case file, viewing facts in a light most favorable to Plaintiffs.  *See White I v. Dept. of Rev.*, 19 OTR 47, 49 (2006); *Cruz v. Dept. of Rev.*, TC-MD 180351G, 2019 WL 2616737 at *1 (Or Tax M Div, Jun 25, 2019); and Tax Court Rule (TCR) 47 C.

Defendant denied Plaintiffs' exemption application, writing "[t]he use does not qualify in accordance with ORS 307.162." (Compl at 4.) In its Motion and related briefing, Defendant argues that the subject property cannot qualify for exemption for the 2023-24 tax year as a matter of law because Plaintiffs did not own the subject property as of July 1, 2023, and had not put the subject property to charitable or religious use as of that date.[2] (Def's Mot at 3-4; Def's Reply at 4.) Plaintiffs respond that the application of ORS 311.410(1) results in a discriminatory outcome "and a lack of equal protection." (Ptfs' Resp at 3-4.) They characterize July 1 as an "arbitrary" date and note that, under ORS 311.410(1), identical religious organizations might be treated differently depending on whether they purchased a taxable or exempt property. (*Id.*) An organization that purchased an already-exempt property on July 2 would enjoy an additional year of tax exemption compared to an organization that purchased a taxable property on the same date. (*Id.*) Defendant replies that "[t]here is nothing 'discriminatory' about applying consistent procedural rules" to exemption requests. (Def's Reply at 2.) The July 1 ownership cut-off date reflects the start of a new tax year and new exemption application deadlines. (*Id.* at 3.)

## II. ANALYSIS

The issue presented is whether the subject property qualifies for property tax exemption under either ORS 307.130 or 307.140 for the 2023-24 tax year.[3] " 'Tax year' * * * means a period of 12 months beginning on July 1." ORS 308.007(1)(c). Because the issue is presented by Defendant's motion for summary judgment, the court considers whether Defendant is entitled to prevail as a matter of law. *See* TCR 47 C; TCR-MD 13 B (applying TCR 47).

---

[2] Defendant notes that it is unclear whether Plaintiffs seek exemption as a charitable institution under ORS 307.130 or as a religious organization under ORS 307.140, but in either event, Plaintiffs must meet the requirements of ORS 307.162 and ORS 311.410. (Def's Mot at 2.)

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

An institution or organization claiming exemption under ORS 307.130 or 307.140 must comply with ORS 307.162 with respect to property that it owns or purchases. ORS 307.130(2); ORS 307.140. The general deadline for an exemption application under ORS 307.162 is "April 1 preceding the tax year for which the exemption is claimed." ORS 307.162(1)(a). When property is "acquired after March 1 and before July 1, the claim for that year must be filed within 30 days from the date of acquisition of the property." ORS 307.162(1)(c). The statute provides additional late filing deadlines, but none reference the property acquisition date. *See also Christ Light Unity v. Multnomah County Assessor*, TC-MD 100368B, 2011 WL 646577 (Or Tax M Div, Feb 22, 2011) (plaintiff's good-faith payment of late filing fee under ORS 307.162 did not change outcome: no exemption for 2009-10 tax year where property purchased in October 2009).

ORS 311.410 provides the rule with respect to the exempt status of property on July 1 where a transfer of the property occurs after that date:

> "Real property or personal property that is subject to taxation on July 1 shall remain taxable and taxes levied thereon for the ensuing tax year shall become due and payable, notwithstanding any subsequent transfer of the property to an exempt ownership or use. * * * Real or personal property exempt from taxation on July 1 shall remain exempt for the ensuing tax year, notwithstanding any transfer within the tax year to a taxable ownership or use."

ORS 311.410(1). The statute "makes clear the legislative intent that the taxable status of property does not change after July 1." *Christian Life Fellowship, Inc. v. Dept. of Rev.*, 12 OTR 94, 96 (1991); *see also Power Rents LLC v. Dept. of Rev.*, 24 OTR 486, 493-494 (2021) (citing *Christian Life Fellowship* and referencing the "longstanding rule of ORS 311.410(1) that a mid-year shift from taxable status to exempt status does not relieve property from taxation for any part of the year of the shift").

Applying the rule in ORS 311.410(1), this court has consistently denied exemption to otherwise qualifying property where the transfer of property to the exempt organization occurred

after July 1. *See Christian Life Fellowship*, 12 OTR at 95-96 (no exemption allowed for 1988-89 tax year for religious organization that acquired property and immediately put it to exempt use in December 1988); *see also IU Mien Buddha Light Temple, Inc. v. Multnomah County Assessor*, TC-MD 100944C, 2010 WL 3968353 (Or Tax M Div, Oct 12, 2010) (no exemption where religious organization acquired property in September); *Church of Christ v. Linn County Assessor*, TC-MD 160332N, 2017 WL 2445340 (Or Tax M Div, June 6, 2017) (no exemption where religious organization acquired property in August). The converse is also true: if property was exempt on July 1, it remains exempt for the rest of the tax year notwithstanding transfer to taxable owner after July 1. *Perkins v. Dept. of Rev.*, 15 OTR 381, 383 (2001) (transfer occurred July 2). Plaintiffs acquired the subject property after July 1, 2023, and made no allegation that the subject property was exempt from taxation on July 1, 2023. Accordingly, the subject property was taxable for the 2023-24 tax year.

Plaintiffs argue that the application of ORS 311.410(1) is discriminatory or violates equal protection because a religious organization that purchased taxable property after July 1 would be treated differently than an otherwise identical religious organization that purchased exempt property after July 1. Generally, uniformity and equal protection in taxation require only a "rational class" or "that a legislative classification have a 'rational relation to some legitimate end.' " *Delta Air Lines, Inc. v. Dept. of Rev.*, TC 5409, 2023 WL 5425246 at *2 (Or Tax, Aug 23, 2023). In a nearly identical context, this court has concluded that the legislature may rationally "impose time limits on the claims of exemption for a particular year. Denying exemption to property whose ownership or use changes after the fiscal year begins is a rational way to achieve stability in taxation." *Christian Life Fellowship*, 12 OTR at 96. Accordingly, Plaintiffs' equal protection claim must be denied.

### III. CONCLUSION

Upon careful consideration, the court concludes that the subject property was taxable for the 2023-24 tax year because it was taxable on July 1, 2023, and Plaintiffs did not acquire the subject property until after that date. As previously determined by this court, the use of July 1 to determine the exempt or taxable status of property serves a rational purpose. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this _____ day of March, 2024.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on March 13, 2024.*