IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MULTITUDE OF MERCIES  )
FOUNDATION,     )
          )
   Plaintiff,    )  TC-MD 250586N
          )
   v.      )
          )
MULTNOMAH COUNTY ASSESSOR, )
          )
   Defendant.   )  **DECISION**

This matter came before the court on the parties' cross-motions for summary judgment.

Plaintiff appealed Defendant's denial of tax exemption for property identified as Account

R102826 (subject property) for the 2021-22 through 2025-26 tax years.

## I. STATEMENT OF FACTS

Plaintiff is a "nonprofit public benefit corporation" and has continuously operated as a

federally recognized 501(c)(3) nonprofit organization since February 2021. (Compl at 1-2, 7.[1])

Plaintiff leased[2] the subject property "for use as a nonprofit early childhood education and

literacy center serving low-income and underserved families in Northeast Portland." (*Id*. at 2.)

On September 10, 2025, Plaintiff applied for a property tax exemption for the 2021-22 through

2025-26 tax years for the subject property. (Swackhamer Decl, Ex A.) At the time of Plaintiff's

application, Plaintiff was an assumed business name rather than an Oregon corporation. (*Id*. at ¶

5.) Defendant denied the application on October 13, 2025, because Platiniff did not provide

---

[1] Plaintiff refers to federal recognition under IRC section 501(c)(3) as of March 2020 and July 2020, but the IRS letter provided is dated February 26, 2021. (*Compare* Ptf's Reply to Ans at 1, 3 with Compl at 7.) Plaintiff's bylaws were adopted in 2020. (Ptf's Ex, Dec 15, 2025.)

[2] Plaintiff was leasing the subject property at the time of its application but now claims to own the property. (*See* Ptf's Ans at 2.)

Defendant with its Articles of Incorporation, as requested. (*Id.* ¶ 6-7.) Plaintiff incorporated on October 17, 2025, and requested a review of the denial. (*Id.* ¶ 8, Ex D.[3]) Defendant denied the request because Plaintiff was not incorporated by July 1, 2025, the start of the 2025-26 tax year. (*See id.* at ¶ 8.)

Plaintiff characterizes its lack of incorporation before October 2025 as a paperwork error and argues that its use of the subject property, rather than corporate status, is the controlling factor for property tax exemption under ORS 307.112. (Ptf's Mot Summ J at 2, 4.) Defendant disagrees, arguing that an organization or institution must be "incorporated" to qualify for exemption under ORS 307.112 and ORS 307.145, and that incorporation must have occurred by July 1, 2025, for the 2025-26 tax year under ORS 311.410. (Def's Mot Summ J at 1-3.)

## II. ANALYSIS

The issue presented is whether the subject property qualifies for property tax exemption under ORS 307.145 for the 2021-22 to 2025-26 tax years when Plaintiff was not incorporated as of July 1, 2025.[4] To resolve that issue, the court considers (1) whether Plaintiff was an "incorporated eleemosynary institution" within the meaning of ORS 307.145; (2) whether Plaintiff qualifies as a "charitable institution" under ORS 307.130 by reason of its federal recognition under IRC section 501(c)(3); and (3) whether Plaintiff's incorporation after July 1, 2025, is sufficient to qualify it as either an incorporated eleemosynary institution or a charitable

---

[3] Plaintiff alleged that its filing with the Secretary of State was a "correction" only "to clarify" that Plaintiff "is a domestic nonprofit corporation rather than a foreign filing[.]" (Compl at 2.) Plaintiff's forms 990EZ filed for the 2021 through 2024 tax years indicated via checkbox that Plaintiff was a corporation. (Ptf's Ex, Dec 15, 2025.) Yet, Plaintiff did not produce any evidence that it was a corporation, foreign or otherwise, before October 2025.

[4] The court's references to the Oregon Revised Statutes (ORS) are to 2023. Plaintiff argues that it qualifies for exemption under ORS 307.112. (Ptf's MSJ at 4.) ORS 307.112(1) allows an exemption for property of a taxable owner held under lease by an institution or organization granted exemption or the right to claim exemption under another exemption statute, including ORS 307.145, if certain criteria are met. Plaintiff must still establish its right to claim exemption under ORS 307.145 or another statute.

institution for the 2025-26 tax year.  Tax exemption statutes are "strictly construed in favor of the state and against the taxpayer." *North Harbour Corp. v. Dept. of Rev.,* 16 OTR 91, 94-95 (2002) (quoting *Mult. School of Bible v. Mult. Co.*, 218 Or 19, 27, 343 P2d 893 (1959)).

The court grants a motion for summary judgment if all the documents on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law."  Tax Court Rule (TCR) 47 C.[5]  "No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party * * *."  *Id.*

A.      *Meaning of "Incorporated" in ORS 307.145*

Defendant denied Plaintiff's exemption claim under ORS 307.145 because Plaintiff was not "incorporated" by July 1, 2025.  ORS 307.145(1) states:

> "If not otherwise exempt by law, upon compliance with ORS 307.162, the child care facilities, schools, academies and student housing accommodations, owned or being purchased by *incorporated eleemosynary institutions* or by incorporated religious organizations, used exclusively by such institutions or organizations for or in immediate connection with educational purposes, are exempt from taxation."

(Emphasis added.)  ORS 307.145 does not define "incorporated," so the court looks to the text and context.  *State v. Gaines*, 340 Or 160, 171-72, 206 P3d 1042 (2009).[6]

*Webster's* defines incorporated as "formed into a corporation" or "made a legal entity." *Webster's Third New Int'l Dictionary*, 1145 (unabridged ed. 1993).  That definition indicates that an organization must go through formalized, legal steps to incorporate.  Oregon courts agree. *See e.g. Sherwood & Roberts-Oregon, Inc. v. Alexander*, 269 Or 389, 393, 525 P2d 135 (1974)

---

[5] TCR 47 is made applicable by Tax Court Rule-Magistrate Division (TCR-MD) 13 B, which provides that "[t]he court may apply TCR 47 to motions for summary judgement, to the extent relevant."

[6] The court may also consider any proffered legislative history that it finds helpful.  Here, neither party offered legislative history.  The term "incorporated" has appeared in the statute since it was enacted in 1957.

("[a]ny steps to incorporate, short of the securing of the issuance of the certificate [of incorporation], are ineffective"); *Nuffer v. Molalla River School District*, 187 Or App 259, 263, 65 P3d 1111 (2003) ("'[e]stablishment' of a nonprofit organization under Oregon law requires a legal process," citing ORS 65.051(1)).  ORS chapter 65, which governs nonprofit corporations, states: "[u]nless a delayed effective date is specified, the corporate existence begins when the articles of incorporation are reviewed, accepted and filed by the Secretary of State."  ORS 65.051(1).  Plaintiff filed its Articles of Incorporation on October 17, 2025, and thus became "incorporated" in Oregon as of that date.

A related exemption statute, ORS 307.130(2), supports the definition of "incorporated" as a corporation organized under ORS chapter 65.  ORS 307.130(2)(a) exempts from taxation certain property owned by "*incorporated * * * charitable institutions.*"  (Emphasis added).  This court has determined that "eleemosynary institution" in ORS 307.145 has the same meaning as "charitable institution" in ORS 307.130.  *See Int'l Leadership Acad. v. Clackamas County Assessor*, TC-MD 180143N, 2018 WL 6437706 at *4-5 (Or Tax M Div, Dec 7, 2018) (reviewing cases in which the terms were used interchangeably).  ORS 307.130(1)(b) defines "nonprofit corporation" as one "organized not for profit, pursuant to ORS chapter 65" or one "organized and operated as described under section 501(c) of the Internal Revenue Code * * *."  That definition – referring to ORS chapter 65 – supports the meaning of "incorporated" as formed into a corporation through formal, legal steps.

Historically, property tax exemption was available only to nonprofit corporations, as contrasted with for-profit corporations, even those dedicated to educational purposes.  *Behnke–Walker Business College v. Multnomah County*, 173 Or 510, 520, 146 P2d 614 (1944).  The character and use of the property was insufficient to qualify it for exemption if it was not owned

by a nonprofit corporation.  *See Waller v. Lane County*, 155 Or 160, 165-68 (1936) (denying exemption for hospital that was acquired by bank at judicial sale, even though hospital continued to operate as a charitable institution).  The court explained one reason for the rule: a charitable corporation is subject to oversight in the use of its property, "while an individual is not subject to such supervision, but may exercise plenary control over his property, and without notice or explanation make any change or changes he may wish."  *Id.* at 171-72.

In sum, the court concludes that "incorporated" in ORS 307.145 refers to a formalized, legal process, such as that described in ORS chapter 65.  Property held by individuals and for-profit corporations do not qualify for exemption, even if used for educational or charitable purposes.  Plaintiff was not an "incorporated eleemosynary institution" as of July 1, 2025.  The court next considers whether Plaintiff's federal recognition under IRC section 501(c)(3) was sufficient to qualify the subject property for exemption.

B.      *Federal Recognition Under IRC section 501(c)(3)*

As noted above, ORS 307.130(1)(b) defines nonprofit corporation as one organized under ORS chapter 65 or under IRC section 501(c)(3).[7]  *See also Oregon Center for Public Policy v. Multnomah County Assessor*, TC–MD 160308G, 2017 WL 4177026 (Or Tax M Div, Sept 19, 2017) (describing two methods for meeting the definition of a nonprofit corporation).  Plaintiff was not organized under ORS chapter 65 until October 2025 but has been recognized under IRC section 501(c)(3) since February 2021.  The question becomes whether Plaintiff's federal recognition is sufficient for exemption even though Plaintiff was not incorporated.

/ / /

---

[7] The court considers the application of ORS 307.130 for two reasons.  First, "eleemosynary institution" in ORS 307.145 has the same meaning as "charitable institution" in ORS 307.130.  Second, ORS 307.145(1) allows an exemption "[i]f not otherwise exempt by law" and ORS 307.130 is another potential basis for exemption.

Upon consideration, the court finds no basis to conclude that the legislature intended to allow property tax exemption to individuals or entities other than incorporated nonprofit corporations, even if recognized under IRC section 501(c)(3).  As discussed above, property tax exemption has long been available only to nonprofit corporations and not to for-profit corporations or individuals.[8]  *See Waller*, 155 Or at 165-68.  The administrative rule interpreting ORS 307.130 states the "[a]pplicant must be an incorporated institution" and "[t]he corporation must be organized as a nonprofit corporation.  This is a mandatory first step for an organization[.]"  Oregon Administrative Rule (OAR) 150-307-0120.  In keeping with strict construction of exemption statutes, the court concludes that Plaintiff does not qualify based solely on its 501(c)(3) status absent organization as a nonprofit corporation.  The court next examines whether any timing considerations make exemption possible.

C.      *Timing of Incorporation For Purpose of Property Tax Exemption*

Having determined that Plaintiff did not become an incorporated eleemosynary institution until October 2025, the question remains whether Plaintiff could yet receive an exemption either because its incorporation date fell within the 2025-26 tax year or through a late-filed application.  Defendant disagrees that either option applies, noting that "the taxable status of property does not change after July 1."  (Def's Mot Summ J at 2, *citing* ORS 311.410.)  ORS 311.410(1) states:

> "Real property or personal property that is subject to taxation on July 1 shall remain taxable and taxes levied thereon for the ensuing tax year shall become due and payable, *notwithstanding any subsequent transfer of the property to an exempt ownership or use*. * * * Real or personal property exempt from taxation on July 1 shall remain exempt for the ensuing tax year, *notwithstanding any transfer within the tax year to a taxable ownership or use*."

(Emphasis added.)

---

[8] Exemption is also granted to public property, such as property of the state, counties, cities, and other public or municipal corporations.  ORS 307.090.  Plaintiff does not allege to qualify under that statute.

Cases applying ORS 311.410 tend to involve transfers of property relative to July 1 of the relevant tax year, focusing on the date of sale or lease.[9] Yet the statute refers to both "an exempt ownership" and "a taxable ownership," suggesting that the entity that owns the property must also qualify as of July 1 of the tax year. That is consistent with the exemption statutes at issue here – ORS 307.130 and 307.145 – which require both the organization and its use of property to qualify for exemption. In applying ORS 311.410(1), this court has said that the statute "makes clear the legislative intent that the taxable status of property does not change after July 1." *Christian Life Fellowship, Inc. v. Dept. of Rev.*, 12 OTR 94, 96 (1991).[10] Late filing deadlines available under ORS 307.162 "merely govern[] the time for filing applications to obtain exemption" and not the "taxable status of property." *Id.*[11] Plaintiff was not eligible for property tax exemption as of July 1, 2025, under either ORS 307.130 or 307.145, because Plaintiff was not incorporated until after that date. The subject property was taxable as of July 1, 2025, and remained so for the 2025-26 tax year under ORS 311.410(1).

## III. CONCLUSION

Upon careful consideration, the court concludes that the subject property did not qualify for property tax exemption for any of the 2021-22 through 2025-26 tax years because Plaintiff was not incorporated until after July 1, 2025. Now, therefore,

---

[9] *See, e.g., Skatechurch, Inc. v. Multnomah County Assessor*, TC-MD 230427N, 2024 WL 1090615 (Or Tax M Div, Mar 13, 2024) (organization not eligible for exemption for 2023-24 tax year because it did not acquire property until July 5, 2023); *100 Languages v. Multnomah County Assessor*, TC-MD 240511N, 2025 WL 2203339 (Or Tax M Div, Aug 1, 2025) (plaintiff's lease of subject property ran from October 2023 through August 2024, so it had possession on July 1, 2024, and was eligible to receive exemption); *Christ Light Unity v. Multnomah County Assessor*, TC-MD 100368B, 2011 WL 646577 (Or Tax M Div, Feb 22, 2011) (property acquired after June 30 and before December 31 cannot be exempt for that tax year).

[10] The court in *Christian Life Fellowship* applied an earlier version of the statute, but the pertinent text fixing taxable or exempt status as of July 1 was effectively the same as the current version of the statute.

[11] Late filing deadlines have been revised in and added to ORS 307.162 since *Christian Life Fellowship* was decided but none purport to change the July 1 determination of taxable or exempt status of property.

IT IS THE DECISION OF THIS COURT that Defendant's cross-motion for summary judgment is granted, and Plaintiff's cross-motion is denied. Plaintiff's appeal is denied.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; by electronic filing; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This Decision was signed by Presiding Magistrate Allison R. Boomer and entered on April 6, 2026.*